641 P.2d 242

**Rashad A. KHALIFA and Stephanie Khalifa, husband and wife, Plaintiffs/Appellants,**

v.

**The MUSLIM STUDENTS' ASSOCIATION OF U. S. AND CANADA, INC., a foreign corporation, and Anis Ahmad, Defendants/Appellees.**

No. 2 CA–CIV 3993.

Court of Appeals of Arizona, Division 2.

Nov. 25, 1981.

Rehearing Denied Jan. 28, 1982.

Review Denied Feb. 17, 1982.

Norris L. Ganson, Tucson, for plaintiffs/appellants.

Stompoly & Even, P.C. by John G. Stompoly and Beth Amy Hirshberg, Tucson, for defendants/appellees.

OPINION

HOWARD, Judge.

Appellees were awarded summary judgment in an alleged libel case. The issue here is whether there existed a genuine issue of fact on the element of "actual malice".

Rashad Khalifa, a Ph.D. in biology, wrote an English translation of the Qur'an (Koran). He forwarded an unsolicited copy to the Muslim Students' Association of the United States and Canada, Inc., (MSA) which published a periodic religious journal called "Al-Ittihad". The book was reviewed by Anis Ahmad, a person whom Khalifa had known and been on friendly terms with for several years. The review was unfavorable. Ahmad believed that Khalifa's book was full of gross errors, inaccuracies and deliberate distortions. He did not believe that a doctorate in biology qualified a person as a translator. Among other things Ahmad said in the article:

> "To claim that there is a mystery in the sacred numerical figure of 'nineteen', or to claim that in 1976 the secret of the mathematical mystery was discovered, is a plain obsession indicative of *mental imbalance.* . . ." (Emphasis added)

The title of Ahmad's article, "The Miracle Called Qur'an at the Mercy of Charlatans" was selected by the editor of the journal, Tariq Quraishi.

Khalifa filed this suit claiming that the descriptions "charlatan" and "mental imbalance" were libelous.

This action is governed by A.R.S. § 12–653.02 which states:

> "In an action for damages for the publication of a libel in a . . . magazine, . . . the plaintiff shall recover no more than special damages unless a correction is demanded and not published or broadcast,

unless the plaintiff shall prove the publication or broadcast was made with actual malice. The plaintiff shall serve upon the publisher at the place of publication, or broadcaster at the place of broadcast, a written notice specifying the statements claimed to be libelous and demanding that the same be corrected. The notice and demand shall be served within twenty days after actual knowledge of the plaintiff of the publication or broadcast of the statements claimed to be libelous."

The term "special damages" means "... all damages which the plaintiff alleges and proves he has suffered in respect only to his property, business, trade, profession or occupation." A.R.S. § 12–653.01(5). The term "actual malice" means "... that state of mind arising from personal spite, hatred, or ill will toward the plaintiff...." A.R.S. § 12–653.01(1).

Khalifa did not serve notice and demand within the 20-day period set forth in A.R.S. § 12–653.02. Since he claims only damage to his reputation and does not claim any special damages, he must present evidence that appellees were actuated by personal spite, hatred or ill will towards him. While there is evidence that Khalifa's book created a heated doctrinal dispute, there is no evidence that appellees acted out of "actual malice". The book review related to and grew out of the contents of Khalifa's book. "Authors are not entitled to protection for a thin skin, and critics are not required to tread lightly. ..." *Exner v. American Medical Association*, 12 Wash.App. 215, 529 P.2d 863 (1974).

In defamation cases, because of the constitutional privilege of free speech which must be overcome, summary judgment is the rule rather than the exception and the granting of summary judgment here was proper. See *Guitar v. Westinghouse Electric Corporation*, 396 F.Supp. 1042 (S.D.N.Y. 1975); *Adams v. Frontier Broadcasting Company*, 555 P.2d 556 (Wyo.1976); *Klahr v. Winterble*, 4 Ariz.App. 158, 418 P.2d 404 (1966).

Affirmed.

BIRDSALL, J., concurs.

HATHAWAY, Chief Judge, specially concurring.

It is my view that the statements complained of are not defamatory in the context of the article and are no more than name-calling. See *Greenbelt Cooperative Publishing Association v. Bresler*, 398 U.S. 6, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970); *Delis v. Sepsis*, 9 Ill.App.3d 217, 292 N.E.2d 138 (1972); W. Prosser, handbook of the Law of Torts, § 111 (4th ed. 1971).