805 P.2d 1062

**Thane READ, a single man, Plaintiff–Appellant, Cross Appellee,**

v.

**PHOENIX NEWSPAPERS, INC., an Arizona corporation; The Arizona Republic, an Arizona corporation; The Phoenix Gazette, an Arizona corporation; Lori Roberts and John Doe Roberts, her husband; and Don Harris and Jane Doe Harris, his wife, Defendants–Appellees, Cross Appellants.**

**No. 1 CA–CV 89–176.**

Court of Appeals of Arizona, Division 1, Department D.

Oct. 30, 1990.

Review Granted March 5, 1991.

Bayham & Beucler, P.C. by Alan Bayham, Phoenix, for plaintiff-appellant, cross appellee.

Gust, Rosenfeld & Henderson by James F. Henderson and Patricia Sallen, Phoenix, for defendants-appellees, cross appellants.

## OPINION

VOSS, Presiding Judge.

We review the summary judgment granted defendants-appellees against plaintiff-appellant on his libel claim. The Arizona Republic (Republic) twice reported that Thane Read was sentenced for firing a gun after a motorist accidentally leaned on her car horn. The Phoenix Gazette (Gazette) reported that Read was sentenced after displaying a gun to a motorist who accidentally leaned on her horn. Read was actually convicted of exhibiting a deadly weapon not in self-defense to someone other than the motorist in a confrontation following the horn-blowing incident. We conclude that the trial court erred in part in granting summary judgment because a jury could find that the Republic's publications were not substantially true on the ground that they inaccurately identified Read's crime. Furthermore, the "gist" or "sting" of Read's conduct in exhibiting a gun differed from the "gist" or "sting" of firing a gun which was the conduct reported by the newspaper. However, the trial court correctly found that the Gazette publication was substantially true, although it inaccurately identified the victim, because it accurately identified the crime. We therefore affirm the summary judgment on that claim.

## BACKGROUND

In 1988, Read unsuccessfully ran in a Democratic primary election for the United States House of Representatives. During his campaign, defendants published three articles about him. On August 8, the Republic published an article containing the following statement:

> In 1974, Read was sentenced to 24 hours in jail on a misdemeanor charge for firing a gun after a motorist accidentally leaned on a car horn.

On September 11, the Republic published another article containing the following statement:

> In 1974, Read was sentenced to 24 hours in jail on a misdemeanor charge when he fired a gun after a motorist accidentally leaned on a car horn.

On August 30, the Gazette published an article containing the following statement:

> That same year, he received a 24 hour jail sentence on a misdemeanor charge after displaying a gun to a motorist who accidentally had leaned on her horn.

Actually, Read was convicted for exhibiting a deadly weapon, not in self-defense, to someone other than the motorist at a location well away from the horn-blowing incident. The trial court designated the crime

a misdemeanor and sentenced Read to one day in jail. Read explains his 1974 conviction in his affidavit filed in opposition to defendants' motion for summary judgment:

2. An incident occurred in May of 1974 which resulted in his conviction of exhibiting a deadly weapon not in self-defense. The incident occurred after he followed a woman who had blown her car horn at him to a home near his, and attempted to ascertain why she had in fact blown the horn. While in his vehicle at the residence he was attacked by relatives and friends of the woman, and in an effort to defend himself drew a gun. One of the two assailants attempted to grab the gun from his hand and the weapon was discharged without harm to anyone. After the weapon went off, Ed Harmon, the husband of one of the passengers in the vehicle came out of the house and he had a conversation with him after the assailants left the scene. He then left the residence.

3. He was not charged or convicted of firing or discharging a weapon, and was not charged with exhibiting a weapon to either of the two women who had been passengers in the vehicle. He does not believe that the woman who blew the horn was even present when the gun was fired. He was charged and committed [sic] of exhibiting the weapon to the husband of a passenger in the vehicle who came out of the residence after the gun was fired.

In response to defendants' request for admissions, Read denied that he held the gun when it was fired: "Thane Read did not have control of the gun. It had been grabbed by Mr. Rutherford and his hands were also on the gun."

Read sued defendants for libel alleging that the defendants had refused his request for a retraction.* Defendants moved for summary judgment claiming that the publications were substantially true. The trial court granted summary judgment finding that although the publications could have been more artfully written to shed a more favorable light on Read, they were substantially true and accurate in all respects. The trial court denied defendants' request for attorney's fees. Defendant's cross-appealed from the denial of their application for fees.

## STANDARD OF REVIEW

As the parties have only raised the issue of substantial truth and not actual malice, we confine our review to whether defendants' publications were substantially true. On review of a grant of summary judgment, we view the facts most favorable to the party against whom summary judgment was entered. We must determine if there existed a real dispute as to any material facts and if the moving party was entitled to judgment as a matter of law. Rule 56(c), Arizona Rules of Civil Procedure; *Nicoletti v. Westcor, Inc.*, 131 Ariz 140, 142, 639 P.2d 330, 332 (1982).

We note that summary judgment is the rule rather than the exception in defamation cases because of the constitutional privilege of free speech. *Khalifa v. Muslim Students' Ass'n*, 131 Ariz. 328, 329, 641 P.2d 242, 243 (App.1981); *Washington Post Co. v. Keogh*, 365 F.2d 965, 968 (D.C. Cir.1966), *cert. denied*, 385 U.S. 1011, 87 S.Ct. 708, 17 L.Ed.2d 548 (1967) ("In the First Amendment area, summary procedures are even more essential. For the stake, here, if harassment succeeds, is free debate."); *Scottsdale Publishing, Inc. v. Superior Court*, 159 Ariz. 72, 74, 764 P.2d 1131, 1133 (App.1988) ("By taking jurisdiction ... we relieve the Progress of a potential chilling of its future reporting on activities of organized crime.").

## SUBSTANTIAL TRUTH

Read argues that the August 8, Republic article is false and defamatory because he was not charged, convicted or sentenced for firing a gun. Read argues that the

---

* *See* A.R.S. § 12–653.02 which provides in part: "In an action for damages ... the plaintiff shall recover no more than special damages unless a correction is demanded and not published or broadcast, unless the plaintiff shall prove the publication or broadcast was made with actual malice."

September 11, Republic article is false, even though it does not state an incorrect charge, because the article gives the impression that he fired a gun because a motorist accidentally leaned on her car horn. Finally, Read contends that the Gazette's August 30, article is false because it specifically refers to a charge of displaying a gun to the driver of the motor vehicle and gives the defamatory impression that he is the type of person who would draw and display a gun to a motorist who accidentally leans on her car horn.

Read explains that he was convicted of exhibiting, not firing, the gun to Edward Harmon, who was neither the driver nor a passenger in the motor vehicle. He states that there was no evidence that the gun was either exhibited to or fired in the presence of the motorist and notes that there was a question of fact concerning whether he even had control of the gun when it was fired. Read also explains that he exhibited the gun because of his subsequent altercation with the motorist's relatives, not because the motorist honked her horn.

■ We now examine whether a jury could find that the publications were not substantially true. A publication concerning a person's misconduct is not substantially true if the person engaged in some other substantially different kind of misconduct. In other words, the proof of truth must go to the precise conduct asserted.

It is also the truth or falsity of the particular charge that is to be determined. It is not enough that the accused person is found to have engaged in some other substantially different kind of misconduct even though it is equally or more reprehensible. Thus a charge of burglary against another is not justified by the finding that he has committed a murder. However, many charges are made in terms that are accepted by their recipients in a popular rather than a technical sense. Thus a charge of theft may be reasonably interpreted as charging any form of criminally punishable misappropriation, and its truth may be established

by proving the commission of any act of larceny or embezzlement.
*Restatement (Second) of Torts*, § 581(A) comment f (1977).

■ However, minor inaccuracies will not prevent a publication from being substantially true, if the "gist" or "sting" of the publication is true. R. Smolla, *Law of Defamation*, § 5.08(3) (1990). Thus, for example, a publication containing minor errors in legal terminology remains substantially true. *Id.* at § 5.11(1). As explained by Prosser and Keaton, "an accusation that the mayor of a town has wasted $80,000 of the taxpayers' money has been held to be justified by proof that he wasted $17,500, since there is no more opprobrium attached to the greater amount." W. Prosser & W. Keaton, *The Law of Torts*, § 116 at 842 (5th ed. 1984). "It is not necessary to establish the literal truth of the precise statement made. Slight inaccuracies of expression are immaterial provided that the defamatory charge is true in substance." *Restatement*, § 581(A), comment f.

■ We hold that a jury could find that the Republic's publications were not substantially true. They reported expressly and by implication that Read was sentenced for firing a gun. That statement is incorrect. The fact that Read's gun was fired does not alter the fact that his conviction was for later exhibiting his gun to Harmon. Furthermore, the specific charge of exhibiting a gun is arguably different from the Republic's statement that Read was sentenced for firing a gun. A jury could find that the Republic's publications constituted libel because the publications report that Read committed misconduct substantially different from his actual conduct.

Additionally, a jury could find that the gist or sting of exhibiting a gun differs from the gist or sting of firing a gun. We recognize that, from a technical or legal perspective, both crimes could be classified as aggravated assaults. However, from the perspective of the average reader of these publications, the gist or sting of these two crimes might differ. *See Anderson v. Cramlet*, 789 F.2d 840, 844

(10th Cir.1986) (the meaning of an alleged defamatory statement is not determined by legal research, but by the plain and ordinary meaning). In addition, the Republic did not report merely that Read was sentenced for aggravated assault; it reported expressly or by implication that he was sentenced for firing a gun.

We distinguish *Fendler v. Phoenix Newspapers Inc.*, 130 Ariz. 475, 636 P.2d 1257 (App.1981), on which the trial court relied. In *Fendler*, the Republic reported in an editorial that Robert Fendler "is doing four-to-five years in prison" because of his fraudulent practices. 130 Ariz. at 477, 636 P.2d at 1259. Fendler argued that this publication was false because, at the time of the editorial, he was free on bail pending appeal. *Id.* at 478, 636 P.2d at 1260. We held that the substantial truth of an allegedly defamatory statement provides an absolute defense to an action for defamation but that

> [i]t is not necessary to establish the literal truth of the precise statement made. Slight inaccuracies of expression are immaterial provided that the defamatory charge is true in substance.

*Id.* at 479, 636 P.2d at 1261 (quoting *Restatement (Second) of Torts*, § 581(A) (1977)). In determining whether the article concerning defendant was substantially true, we stated, "the issue was whether the 'gist' or 'sting' of the libelous charge was substantially different because of the distinction between the editorial and the facts of appellant's status following conviction and sentence." *Id.* at 480, 636 P.2d at 1262. We concluded that the editorial was substantially true and that there was no damage to Fendler's reputation because the damage to reputation flows not from being in a prison facility per se, but from the fact that the person has been adjudged guilty of a crime by a court of law. "The enduring and uncontroverted fact is that appellant had been convicted and sentenced to prison, and the substantial 'sting' is the same, whether he had started his prison term or will never actually spend time in prison." *Id.*

In this case, the Republic incorrectly identified Read's crime. It did not incorrectly report a minor detail concerning Read's service of his sentence. A jury could find that the damage to Read's reputation that flowed from his reported conviction for firing a gun after a motorist honked her horn differed from the damage to his reputation that had already flowed from his actual conviction for exhibiting the gun.

Defendants cite *Anderson v. Stanco Sports Library, Inc.*, 542 F.2d 638 (4th Cir.1976) for the proposition that the court must determine whether any alleged inaccuracies are so significant as to cause damage to Read's reputation, aside from the effects of his arrest and conviction. In *Anderson*, the court stated, "We think that the record in the present case similarly reflects that the statements alleged by Anderson to be libelous were substantially true. Any deviations from the sworn testimony at trial were inconsequential embellishments made by the author to add color or interest to the article. They did not cause Anderson's 'good name' to be sullied any more than it already had been by the fact of his murder conviction". *Id.* at 641. In *Anderson* the court found that the statements were substantially true. Here we have found that the publications were not substantially true. Defendants fail to cite to cases which hold that an inaccuracy in identifying an individual's crime is merely an inconsequential embellishment and we fail to see how incorrectly reporting Read's crime could be considered merely an embellishment.

■ However, we agree with defendants that the Gazette's publication was substantially true. It accurately identified that Read was sentenced for displaying his gun. Whether the gun was exhibited to the motorist or to another party is irrelevant. In the present case, the damage to Read's reputation occurred from the charge of exhibiting the gun, thus the gist or sting of the publication was substantially true. We also find that the Gazette's publication did not imply that Read performed an act more

serious or substantively different than the one he actually performed.

## CROSS–APPEAL

 On cross-appeal defendants argue that the trial court erred in denying their request for attorney's fees under A.R.S. § 12–341.01(C) and § 12–349, and for not ordering sanctions under Rule 11, Arizona Rules of Civil Procedure.

We affirm the trial court's denial of defendants' request for attorney's fees and sanctions. We have concluded that it cannot be said as a matter of law that the Republic's two publications were substantially true. Although we have also concluded that the Gazette's publication was substantially true, we do not consider Read's libel claim based on this publication to have been groundless within the meaning of §§ 12–341.01(C) or 12–349(F). Nor do we agree with defendants that Read's attorney should have determined that this claim was not warranted by existing law or by a good faith extension of existing law under Rule 11.

## CONCLUSION

We deny defendants' request for attorney's fees on appeal. *See* A.R.S. §§ 12–341.01(C), 12–349; Rule 11.

We reverse the summary judgment granted in favor of the Republic and remand that matter for further proceedings. We affirm the summary judgment granted in favor of the Gazette.

BROOKS and LANKFORD, JJ., concur.