819 P.2d 939

**Thane READ, a single man, Plaintiff/Appellant, Cross–Appellee,**

v.

**PHOENIX NEWSPAPERS, INC., an Arizona corporation; The Arizona Republic, an Arizona corporation; the Phoenix Gazette, an Arizona corporation; Lori Roberts and John Doe Roberts, her husband; and Don Harris and Jane Doe Harris, his wife, Defendants/Appellees, Cross–Appellants.**

No. CV–90–0499–PR.

Supreme Court of Arizona, En Banc.

Oct. 31, 1991.

---

Bayham, Beucler, Reckling & Brown, P.C. by Alan Bayham, Phoenix, for plaintiff/appellant, cross-appellee.

Gust, Rosenfeld & Henderson by James F. Henderson, Terrance C. Mead, Phoenix, for defendants/appellees, cross-appellants.

## OPINION

GORDON, Chief Justice.

Phoenix Newspapers, Inc. (PNI) petitioned for review after the court of appeals reversed the trial court's grant of summary judgment in favor of *The Arizona Republic*, a PNI publication. 167 Ariz. 241, 805 P.2d 1062. We granted review to determine whether the statements printed by the newspaper regarding respondent Thane Read (Read) were substantially true and, if so, whether the court of appeals erred in reversing the grant of summary judgment. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.- 24.

## FACTUAL AND PROCEDURAL HISTORY

This suit concerns statements printed by PNI regarding a 1974 incident involving Read. In 1988, Read ran an unsuccessful primary campaign for election to the United States House of Representatives. During the campaign, PNI, which publishes both *The Arizona Republic* and *The Phoenix Gazette*, ran several statements concerning Read's candidacy. We only concern ourselves with the statements published in *The Republic*.[1] *The Republic* published its first statement on August 8, 1988. The statement read:

> In 1974, Read was sentenced to 24 hours in jail on a misdemeanor charge for firing a gun after a motorist accidentally leaned on a car horn.

The second statement at issue, published by *The Republic* on September 11, read:

---

1. Read did not petition for review regarding the court of appeals' decision affirming the summary judgment in favor of PNI with regard to an article published in *The Phoenix Gazette.*

In 1974, Read was sentenced to 24 hours in jail on a misdemeanor charge when he fired a gun after a motorist accidentally leaned on her horn.

Read requested that the newspaper retract the statements. When it did not, he sued for libel, arguing that he was not charged or convicted of "firing a gun after a motorist accidentally leaned on a car horn" as the August 8th statement claimed, nor sentenced to 24 hours in jail on a misdemeanor charge for firing a gun after a motorist accidentally leaned on a car horn, as stated in the paper on September 11th, but that he was actually convicted of displaying a weapon, not in self-defense, and sentenced to one day in jail.

The trial court granted summary judgment for PNI. It also denied PNI's request for attorney's fees. The court of appeals reversed the trial court's grant of summary judgment regarding the two statements published by *The Arizona Republic*. It denied PNI's request for attorney's fees on appeal.

## DISCUSSION

The issue in this defamation case is whether the statements published by PNI were substantially true. If so, we must determine whether the court of appeals erred in reversing the grant of summary judgment in favor of PNI for the statements published in *The Arizona Republic*.

## 1. SUBSTANTIAL TRUTH

 Read argues that the statements published by PNI are false and defamatory. In a civil action for libel, the truth of the contents of the allegedly libelous statement is a complete defense. Moreover, when proving the statement's truth, the defendant need not prove the literal truth of every detail, but must only prove that the statements are substantially true. Substantial truth is an absolute defense to a defamation action in Arizona. *Heuisler v. Phoenix Newspapers, Inc.*, 168 Ariz. 278, 285 n. 4, 812 P.2d 1096, 1103 n. 4 (App.1991); *Fendler v. Phoenix Newspapers, Inc.*, 130 Ariz. 475, 479, 636 P.2d 1257, 1261 (App.1981). "Slight inaccura-cies will not prevent a statement from being true in substance, as long as the "gist" or "sting" of the publication is justified." *Heuisler*, 168 Ariz. at 285 n. 4, 812 P.2d at 1103 n. 4; *Fendler*, 130 Ariz. at 480, 636 P.2d at 1262; Prosser & Keeton, *Torts* § 116, at 842 (5th ed. 1984); *Restatement (Second) of Torts* § 581(A), comment f (1977) ("Slight inaccuracies of expression are immaterial provided that the defamatory charge is true in substance."). Therefore, the issue is whether the "gist" or "sting" of the statements published in *The Republic* would have made a material difference to a reader had the newspaper published the literal truth of Read's conviction and sentence. We believe it would not have made such a difference.

 When the underlying facts are undisputed, the determination of substantial truth is a matter for the court. *Fendler*, 130 Ariz. at 480, 636 P.2d at 1262. In this case, the underlying fact of the conviction itself is not in dispute. Read believes this court should focus on the damage that flowed from *The Republic's* statements that incorrectly identified Read's crime, rather than the actual fact of his conviction and sentence. He argues that anyone reading the published statements received the impression that he fired a gun at a woman who had accidentally blown her horn at him, when in fact, he was not even charged with firing a gun. He argues that the publisher's error cannot be considered a slight inaccuracy. Furthermore, Read argues that the publisher's statements create an excessive "sting" that cannot be inferred from the literal facts. Read believes that the average reader would consider the information actually published (statements incorrectly identifying Read's crime) more damaging to Read's reputation than an accurate depiction of the conviction and sentence. We do not agree.

The damage to Read's reputation stems from the fact that he served time in jail for irresponsibly using a loaded weapon. PNI accurately stated the fact of his criminal conviction and jail time. While it is not true that Read served 24 hours in jail for *firing* a gun after a motorist accidentally

leaned on a car horn, it is true that he was convicted of exhibiting a gun not in self-defense, and the gun was admittedly discharged during a dispute with that motorist and her relatives. We conclude that the "sting" of the two versions is not substantially different and therefore, had the published statements contained an accurate account of the conviction and sentence, there would not have been any less damage to Read's reputation. As this court has stated:

> Damage to reputation flows ... from the fact that the person has been adjudged guilty of a crime by a court of law. [citation omitted] The enduring and uncontroverted fact [in this case] is that appellant *had* been convicted and sentenced to prison, and the substantial "sting" is the same, whether he had started his prison term or will never actually spend time in prison.

*Fendler*, 130 Ariz. at 480, 636 P.2d at 1262.

The court of appeals distinguished Read's situation from that in *Fendler*. It found a triable issue of fact for the jury by focusing on whether *The Republic* incorrectly identified Read's crime. It contended that "a jury could find that the damage to Read's reputation that flowed from his reported conviction for firing a gun after a motorist honked her horn differed from the damage to his reputation that had already flowed from his actual conviction for exhibiting the gun." *Read v. Phoenix Newspapers, Inc.*, 167 Ariz. 241, 245, 805 P.2d 1062, 1066 (App.1990). We disagree and believe that the appropriate focus must be on what *The Republic* reported concerning Read's conviction as compared to Read's actual conviction.

The published statements gave a substantially true account of Read's conviction. An incorrect identification of a person's crime in a published report is not, by itself, a triable issue of fact for a jury, particularly when the reported crime, although technically inaccurate, is an accurate reflection of the underlying incident. Many courts have held that technical errors in legal terminology and reports involving violation of the law are of no legal consequence. *See, e.g., Simonson v. United Press Int'l, Inc.*, 654 F.2d 478 (7th Cir.1981) (not defamatory to report person charged with rape when actually charged with second degree sexual assault); *Orr v. Argus-Press Co.*, 586 F.2d 1108 (6th Cir.1978), *cert. denied*, 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979) (the word "swindle" substituted for "defraud" not defamatory); *Hovey v. Iowa State Daily Publication Bd., Inc.*, 372 N.W.2d 253 (Iowa 1985) (statement that criminal defendant charged with rape rather than second degree sexual assault not defamatory); *Hopkins v. Keith*, 348 So.2d 999 (La.App.1977) (not defamatory to report plaintiff convicted of running a gambling game when in fact he forfeited a substantial bond on the charge).

The details of the conduct underlying Read's crime, as to whether he alone was holding the gun when it fired and whether he was convicted of exhibiting the gun or firing the gun, when considered in the context of the facts of his conviction, are not sufficient to present a triable issue as to whether Read's reported misconduct was substantially different from his actual misconduct.

Read has provided no evidence that the inaccurate statements caused him any more damage than that which resulted from his actual conviction and sentence.

## 2. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when no genuine issue of material fact exists. *Orme School v. Reeves*, 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). In determining whether any genuine issue of material fact exists, we examine the facts in a light most favorable to the non-moving party. *Hall v. Motorists Ins. Corp.*, 109 Ariz. 334, 336, 509 P.2d 604, 606 (1973); *Huff v. Bekins Moving & Storage Co.*, 145 Ariz. 496, 497, 702 P.2d 1341, 1342 (App.1985). On a defense motion for summary judgment in a defamation case, the trial court must determine whether the plaintiff's proffered evidence is sufficient to establish a prima facie case with convincing clarity. *Mark v. Seattle Times*, 96 Wash.2d 473, 485–86, 635 P.2d 1081, 1088

(1981), *cert. denied,* 457 U.S. 1124, 102 S.Ct. 2942, 73 L.Ed.2d 1339 (1982). Placing the burden on the plaintiff to show that there is a triable issue is rooted in the notion that the expense of defending a meritless defamation case could have a chilling effect on First Amendment rights. *Id.* 96 Wash.2d at 485–89, 635 P.2d at 1088–89; *Anderson v. Cramlet,* 789 F.2d 840, note at 842 (10th Cir.1986).

The only evidence filed by Read in opposition to the motion for summary judgment is an affidavit describing the events that occurred in 1974. The affidavit simply is insufficient to meet Read's burden of showing with convincing clarity that there is a triable issue for the jury to consider.

### DISPOSITION

Because we find the statements published by *The Arizona Republic* to be substantially true, we hold that summary judgment in favor of PNI was appropriate. We vacate the court of appeals' decision and affirm the trial court's ruling.

FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.