**Thomas J. PATTERSON, Plaintiff—Appellant,**

v.

**ATLANTIC RESEARCH MARKETING SYSTEMS, INC., et al. Defendants— Appellees.**

**No. 01–16367.**

**D.C. No. CV–98–00368–JMR.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2001.

Decided June 27, 2002.

Before SCHROEDER, Chief Judge, D.W. NELSON, and REINHARDT, Circuit Judges.

MEMORANDUM *

Patterson filed a civil action in the Superior Court of the State of Arizona for the County of Pima, alleging defamation on account of a press release issued by Atlantic Research Marketing Systems, Inc. (ARMS). The press release stated that ARMS had been awarded a judgment of $575,000 against Patterson, whom ARMS had sued for patent infringement. It also stated that ARMS would vigorously enforce its rights against other infringers. The press release did not mention that the judgment was subject to an agreement whereby the parties had agreed to settle the matter for only $50,000. ARMS removed the case now before us to federal court and filed a counterclaim for malicious prosecution, abuse of process, and intentional infliction of emotional distress. Patterson then filed a motion for Rule 11 sanctions. The district court entered summary judgment for ARMS on the defamation claim, for Patterson on the counterclaims, and denied Patterson's motion for Rule 11 sanctions. Patterson appeals, but ARMS does not. We affirm.

Under Arizona law, it is a complete defense to a charge of defamation that the published statements are "substantially true." *Read v. Phoenix Newspapers, Inc.,* 169 Ariz. 353, 819 P.2d 939, 941 (Ariz.1991) (en banc). A statement is substantially true if "the 'gist' or 'sting' of the publication is justified." *Id.* (internal quotation omitted). In this case, the "gist" or "sting" of the press release was that ARMS had won its patent infringement

---

**2.** Margarian's motion for bail pending appeal is denied as moot.

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

lawsuit against Patterson, that a court had entered a judgment in a large amount, and that ARMS intended to protect its patent rights against future offenders. Those essential truths are not altered by the fact that the parties had agreed to settle the judgment for a lesser amount.

As to his Rule 11 motion, Patterson failed to put forth any evidence as to why Rule 11 sanctions would be appropriate. The district court did not abuse its discretion in denying the motion.

AFFIRMED.