NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PHONEJOCKEY LAND PARTNERS NO. 1, LLC, a Wyoming limited
liability company; PHONEJOCKEY INVESTORS NO. 4, LLC, a Wyoming
limited liability company; ADVANTAGE OFFICE SUITES NO. 6, LLC, a
Wyoming limited liability company; JUDSON C. BALL,
*Plaintiffs/Appellants*,

*v.*

RICHARD RINELLA, JR., *Defendant/Appellee*.

No. 1 CA-CV 15-0051
FILED 10-13-2016

Appeal from the Superior Court in Maricopa County
Nos. CV2011-014515, CV2011-016116, CV2012-053571, CV2012-053572,
CV2013-012882 (Consolidated)
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

COUNSEL

Hovore Law, PLLC, Scottsdale
By F. Thomas Hovore
*Counsel for Plaintiffs/Appellants*

Dickinson Wright PLLC, Phoenix
By James S. Rigberg, Laura R. Curry
*Counsel for Defendant/Appellee*

_____

## MEMORANDUM DECISION

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

_____

**S W A N N**, Judge:

¶1        The superior court entered summary judgment in favor of the defendant on defamation, false light, and tortious interference claims. We affirm.    Separate arbitration proceedings established that the defendant's statements caused the plaintiffs no damage and were substantially true, and on this record we see no barrier to attaching preclusive effect to those determinations.

## FACTS AND PROCEDURAL HISTORY

¶2        Judson C. Ball is the founder and manager of several Wyoming limited liability companies, including Phonejockey Land Partners No. 1, LLC ("PJLP-1"), Phonejockey Investors No. 4, LLC ("PJI-4"), and Advantage Office Suites No. 6, LLC ("AOS-6") (collectively, "the LLCs").  Richard Rinella, Jr.'s father is an investor in the LLCs.

¶3        Richard Rinella, Jr., (who is not an investor) made statements about Ball and the LLCs to his father and to John R. Norton and Roger Stevenson, who served as trustee and successor trustee of another investor, the Norton Family Living Trust Dated 2/15/96 ("the Norton Trust").  Rinella told his father and Norton that the LLCs were "doomed for failure" and that Ball had "mismanaged" them and was "incompetent and uninformed."  Rinella also stated, in an e-mail to Stevenson, that a forensic audit "would allow us to determine the misappropriation of funds by [Ball]."  According to Ball, Stevenson "subsequently began obstructing the business relationship between Norton and the [LLCs]," and Rinella's statements also "[e]ncouraged" Norton to begin "undermining" Ball.  Ball filed an action against Rinella for defamation and false light invasion of privacy, and, on behalf of the LLCs, filed an action against Rinella for tortious interference with business relationships and contract.

¶4        Around the same time, the Norton Trust commenced arbitration proceedings against the LLCs and Ball related to his management.  Rinella was not a party to those proceedings.  In the

arbitration, Ball asserted counterclaims against Norton and Stevenson for defamation and tortious interference. The three-person arbitration panel concluded that Ball had inappropriately taken over $150,000 in finder's fees from PJLP-1 and PJI-4, and had inappropriately taken an $80,000 development fee from PJI-4. The panel further concluded:

> [T]he evidence does not establish by a preponderance Respondents' counterclaims for tortious interference or defamation, or that Claimant[']s actions were not subject to a qualified privilege. Even if Respondents were deemed to have established tortious interference or defamation, and even if Claimant's actions were not protected by a qualified privilege, Respondents['] alleged damages were pure speculation and Respondents did not establish by a preponderance of the evidence any quantifiable financial loss proximately caused by any of the alleged wrongful acts of Claimant.

¶5		Soon after the arbitration award issued, Rinella moved for summary judgment on all claims against him. Relying on issue preclusion, Rinella argued that he could not be held liable for defamation and false light because the arbitration award's decision regarding finder's and development fees showed that his statements were substantially true. He further argued that he could not be held liable for defamation or tortious interference because the arbitrators had determined that the actions of Norton and Stevenson, which allegedly derived from Rinella's statements, caused no damages. And finally, Rinella argued that his statements were protected under a qualified "common interest" privilege.

¶6		The court granted summary judgment for Rinella, concluding that "[b]ecause the arbitration panel found that no damages resulted from Norton and Stevenson's actions, which were taken based on [Rinella]'s statements, [Rinella] cannot be held liable for damages in this action." The court further held that Rinella's statements were protected by the common interest privilege.

¶7		The court entered judgments dismissing all of the claims against Rinella. Ball and the LLCs appeal.

**DISCUSSION**

¶8		We review the application of issue preclusion de novo. *Campbell v. SCZ Props., Ltd.*, 204 Ariz. 221, 223, ¶ 8 (App. 2003). Further, we review the grant of summary judgment de novo, viewing the evidence

and reasonable inferences in the light most favorable to the non-moving party. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). We will affirm the superior court's grant of summary judgment if the decision is correct for any reason. *Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986).

**¶9** Issue preclusion binds a party to a decision on an issue litigated in a previous lawsuit if:

> (1) the issue was actually litigated in the previous proceeding, (2) the parties had a full and fair opportunity and motive to litigate the issue, (3) a valid and final decision on the merits was entered, (4) resolution of the issue was essential to the decision, and (5) there is common identity of the parties.

*Campbell*, 204 Ariz. at 223, ¶ 9. Significantly, the last element, regarding common identity of the parties, is *not* required when the doctrine is used defensively. *Id.* at ¶ 10. If the other elements are satisfied, a defendant may invoke issue preclusion to preclude the plaintiff from relitigating an issue that the plaintiff previously lost against a different party. *Id.*

**¶10** Further, the parties do not dispute that issue preclusion may apply to issues decided in an adequate arbitration proceeding. *See* Restatement (Second) of Judgments § 84. Issue preclusion may attach to an arbitration decision when it is not inconsistent with a legal policy or contractual provision authorizing the court to make an independent determination on the issue, or with a specially expeditious arbitration scheme that lacks the elements of adjudicatory procedure. *Id.* Ball and the LLCs cite *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992), for the proposition that issue preclusion may not apply to an arbitration proceeding unless that arbitration award's findings are the only rational ones. But *Clark* merely held that the existence of an implied finding must be proved by evidence that it is the only rational finding the factfinder could have made. *Id.* *Clark* did not hold that the court may circumvent issue preclusion by independently assessing the merits of an arbitrator's *express* findings.

**¶11** Though the claims against Rinella were not decided in the arbitration, the panel did expressly decide that Ball had accepted inappropriate fees and that Norton and Stevenson's conduct caused no actual damages. Ball and the LLCs do not dispute that the parties to the arbitration had a full and fair opportunity and motive to dispute the fee and damages issues, and that they did so. They also apparently concede that the resolution of those issues was essential to the arbitration decision,

and that the decision was valid and final. They argue, however, that Rinella was not a party to the arbitration and his statements were not considered.

¶12 As an initial matter, the fact that Rinella was not a party to the arbitration does not defeat issue preclusion, because he asserts it defensively. And the fact that Rinella's statements were not at issue in the arbitration does not defeat summary judgment on this record.

¶13 First, the tortious interference claims against Rinella were premised on allegations that his statements caused Norton and Stevenson to take actions that harmed the LLCs. In other words, Norton and Stevenson's conduct constituted the LLC's only alleged damages from Rinella's statements. *See Dube v. Likins*, 216 Ariz. 406, 411, ¶ 8 (App. 2007) ("A plaintiff asserting a claim for tortious interference must allege the existence of a valid contractual relationship or business expectancy; the interferer's knowledge of the relationship or expectancy; intentional interference inducing or causing a breach or termination of the relationship or expectancy; *and resultant damage* to the party whose relationship or expectancy has been disrupted." (internal quotation marks omitted) (emphasis added)). Because the arbitration panel determined that Norton and Stevenson's conduct caused no harm, the LLCs could not prevail on their tortious interference claims.

¶14 Second, the defamation and false light claims against Rinella were premised on allegations that Rinella's statements were false. Falsity is an essential element of defamation and false light. *See Turner v. Devlin*, 174 Ariz. 201, 203-04 (1993); *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 338, 340 (1989). A substantially true communication is not defamatory. *Read v. Phoenix Newspapers, Inc.*, 169 Ariz. 353, 355 (1991). Similarly, a publication will not constitute false light unless it involves a major misrepresentation. *Reynolds v. Reynolds*, 231 Ariz. 313, 318, ¶ 14 (App. 2013). Limited, private communications such as those alleged in this case are inherently insufficient to create liability for false light invasion of privacy: to be liable, the defendant must place the plaintiff "before the public" in a false light. *Godbehere*, 169 Ariz. at 338; Restatement (Second) of Torts § 652(E). In view of the arbitration panel's determination that Ball took substantial unauthorized fees from the LLCs that he was tasked to manage, Rinella's statements were at least substantially true and Ball's defamation and false light claims failed as a matter of law.

**¶15** Because the arbitrators' findings are dispositive of plaintiffs' claims, we need not reach the question of whether Rinella's statements were protected by a qualified common interest privilege.

## CONCLUSION

**¶16** We affirm the court's entry of summary judgment for Rinella.

