**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CODY LUNDIN, | No. 18-17300 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01568-ROS |
| v. | |
| DISCOVERY COMMUNICATIONS, INC., et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Submitted March 4, 2020[**]
Phoenix, Arizona

Before: CLIFTON, OWENS, and BENNETT, Circuit Judges.

Cody Lundin appeals from the district court's grant of summary judgment

on his claims for defamation and false light under Arizona law. As the parties are

familiar with the facts, we do not recount them here. We review a grant of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

summary judgment de novo. *See Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 773 (9th Cir. 2018). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly determined that there were no genuine issues of material fact on Lundin's state law defamation and false light claims. Substantial truth is a complete defense to defamation, and a statement is substantially true "as long as the gist or sting of the publication is justified." *Read v. Phoenix Newspapers, Inc.*, 819 P.2d 939, 941 (Ariz. 1991) (internal quotation marks and citations omitted). Similarly, for false light claims, a plaintiff must show there has been "a major misrepresentation of [the plaintiff's] character, history, activities or beliefs, not merely minor or unimportant inaccuracies." *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz. 1989) (internal quotation marks and citation omitted).

The district court properly concluded that the episode of *Dual Survival* depicting Lundin's departure from the show (the Episode) was both substantially true and did not materially misrepresent Lundin. While footage was edited for the Episode, the "sting" of the Episode would be unchanged even if it contained a more accurate or complete account of the events that transpired. *See Read*, 819 P.2d at 942 ("We conclude that the 'sting' of the two versions is not substantially different and therefore, had the published statements contained an accurate account

2

of the conviction and sentence, there would not have been any less damage to Read's reputation."). For the same reason, the Episode did not substantially misrepresent Lundin's character or beliefs. *See Godbehere*, 783 P.2d at 787. Lundin argues Defendants were motivated by an improper purpose, but whether a defendant has an improper motive is irrelevant to whether a statement is substantially true. *See, e.g.*, *Garrison v. Louisiana*, 379 U.S. 64, 77–78 (1964) (recognizing that because of First Amendment protections, truth is an absolute defense to defamation even if statements were made with actual malice).

Lundin contends this is "a defamation-by-implication case." *See Dodds v. Am. Broad. Co.*, 145 F.3d 1053, 1063–64 (9th Cir. 1998) (describing the elements for defamation by implication). But Lundin has not shown how the Episode was "reasonably capable" of suggesting that he was "mentally ill" or "professionally incompetent." *See id.* at 1063.

Lundin further argues the district court did not analyze the Episode from the perspective of the average viewer because the court had no "knowledge of the show or context" and decided the case "based on its own personal view." *See Currier v. W. Newspapers, Inc.*, 855 P.2d 1351, 1354 (Ariz. 1993) ("A technically false statement may nonetheless be considered substantially true if, viewed 'through the eyes of the average reader,' it differs from the truth 'only in insignificant details.'" (citation omitted)). This argument is meritless; the district

3

court recognized its obligation to view the Episode from the perspective of an average viewer and only considered the evidence the parties had provided the court, which did not include any other *Dual Survival* episodes.

**AFFIRMED.**