NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TOBY MALONEY, *Plaintiff/CounterDefendant/Appellant*,

*v.*

TONJA LYNN DEMOFF, et al., *Defendants/CounterClaimants/Appellees*.

No. 1 CA-CV 25-0835

FILED 06-02-2026

Appeal from the Superior Court in Yavapai County
No. V1300CV202280256
The Honorable Linda Wallace, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Nearhood Law Offices, PLC, Scottsdale, AZ
By Patricia A. Premeau
*Counsel for Plaintiff/CounterDefendant/Appellant*

Meagher + Geer, P.L.L.P., Scottsdale, AZ
By Wyatt M. Bailey
*Co-Counsel for Defendants/CounterClaimants/Appellees*

Duggan Bertsch, LLC, Chicago, IL
By Brian Konkel (*Pro Hac Vice*)
*Co-Counsel for Defendants/CounterClaimants/Appellees*

---

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge Randall M. Howe joined.

---

**F A B I A N**, Judge:

¶1        Toby Maloney appeals from the superior court's dismissal of her fraud claims against Tonja Demoff and grant of summary judgment against her on her contract claims and some of Demoff's counterclaims. For the following reasons, this Court affirms.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        In reviewing the dismissal of a claim, this Court will "assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts," and in reviewing a grant of summary judgment on a claim, this Court examines the facts "in a light most favorable to the non-moving party." *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 9 (2012); *Read v. Phx. Newspapers, Inc.*, 169 Ariz. 353, 356 (1991).

¶3        Maloney and Demoff were involved in an intimate relationship from the 1990s until the late 2000s. During that period, the pair were also involved in multiple joint real estate ventures.

¶4        In October 2022, Maloney sued Demoff for fraudulent misrepresentation, unjust enrichment, breach of contract, and breach of the covenant of good faith and fair dealing arising out of a dispute over a house in Sedona ("the property"). Maloney bought the property in 2005 and added Demoff to the title as a joint tenant. In early 2017, Demoff asked Maloney to take out a home equity line of credit for $245,000 secured by the property. In exchange, Demoff promised to pay back the loan and remove herself from title to the property.

¶5        Demoff signed for the loan and made monthly payments but never removed herself from title to the property. Demoff then instead proposed transferring the property into a limited liability company ("K&L"), in which Demoff and Maloney both had 50 percent interest, and selling her interests in K&L to Maloney. The parties conveyed the property to K&L in June 2017, and Maloney signed an agreement conveying Demoff's interest in the company to Maloney, believing she now owned

K&L in its entirety. However, Demoff never signed that agreement and did not relinquish control of K&L.

¶6 After the lawsuit was filed in 2022, Demoff moved to dismiss the fraud and unjust enrichment claims based on the applicable statute of limitations. Demoff filed counterclaims for breach of contract, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and unjust enrichment. Demoff also requested an equitable accounting and that K&L, which now owned the property, be dissolved and the property be sold.

¶7 The superior court dismissed the fraud claims, finding they were barred by the statute of limitations. The court denied the motion to dismiss the unjust enrichment claim.

¶8 In 2024, Demoff moved for summary judgment on Maloney's remaining claims and on Demoff's counterclaims. Maloney did not contest Demoff's request for dissolution of K&L. The superior court granted summary judgment on the remainder of Maloney's claims, with the exception of her unjust enrichment claim, and granted summary judgment in favor of Demoff on her request for a dissolution of K&L and an equitable accounting. Upon Demoff's request, the court entered a Rule 54(b) judgment incorporating the initial dismissals and the subsequent summary judgments. Maloney timely appealed. This Court has jurisdiction pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 2101(A)(1), (6).

**DISCUSSION**

**I. The Statute of Limitations Bars Maloney's Fraud Claims.**

¶9 Maloney argues the superior court erred by finding that the three-year statute of limitations barred her fraud claims because she did not discover the fraud until 2020. This Court reviews the superior court's dismissal of a claim *de novo*. *See Coleman*, 230 Ariz. at 355 ¶ 7. Dismissal is proper under Arizona Rule of Civil Procedure 12(b)(6) only when the plaintiff would not be entitled to relief under any provable interpretation of the facts. *Id.* at 356 ¶ 8. "The affirmative defense of a statute of limitations may be raised in a motion to dismiss if it appears on the face of the complaint that the claim is barred." *Republic Nat. Bank of N.Y. v. Pima Cnty.*, 200 Ariz. 199, 204 ¶ 20 (App. 2001).

¶10 Maloney's fraud claims stem from Demoff's promise to remove herself from title to the property, and her later promise to sell her

3

interest in K&L to Maloney, in exchange for taking out the loan against the property. A.R.S. § 12-543(2) provides that a fraud claim must be brought within three years of when it accrues. A cause of action for fraud accrues "when the defrauded party discovers or with reasonable diligence could have discovered the fraud." *Mister Donut of Am., Inc. v. Harris*, 150 Ariz. 321, 323 (1986). Therefore, the statute of limitations "may begin to run before a person has actual knowledge of the fraud or even all the underlying details of the alleged fraud." *Id.*

¶11　　　　Here, Maloney was aware Demoff had not removed herself from title to the home in 2017 when Demoff proposed the conveyance to K&L. With respect to Demoff's failure to transfer her interest in K&L to Maloney, with "reasonable diligence," Maloney could have discovered the fraud sometime in 2017. *Id.* At the time Maloney signed the K&L purchase agreement, she knew Demoff had not yet signed it. When Demoff did not return a signed copy of the purchase agreement to Maloney, she had sufficient notice that the transfer may not be complete and to suspect fraud. *See Coronado Dev. Corp. v. Superior Court,* 139 Ariz. 350, 352 (App. 1984). Maloney, with reasonable diligence, could have discovered the fraud by independently verifying the transfer or requesting evidence that the transfer was complete. Thus, the three-year statute of limitations accrued sometime in 2017. The superior court did not err by finding the statute of limitations barred Maloney's fraud claims filed in 2022.

## II.　　The Statute of Limitations Bars Maloney's Contract Claims.

¶12　　　　Maloney argues the superior court erred in granting Demoff summary judgment on Maloney's breach of contract claims because neither the statute of frauds nor the statute of limitations barred those claims. The superior court did not specify its basis for granting summary judgment. This Court reviews a grant of summary judgment *de novo. Read,* 169 Ariz. at 356. This Court will affirm the grant of a motion for summary judgment if "the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

¶13　　　　Claims based on oral agreements are subject to the same three-year statute of limitations as fraud claims. *See* A.R.S. § 12-543(1). Maloney does not allege any specific time by which Demoff was required to relinquish her interest in K&L. Where an oral contract is silent as to the time of performance, the statute of limitations begins to accrue at the time the contract was made. *See In re Estate of Musgrove*, 144 Ariz. 168, 171 (App. 1985). Here, the alleged oral agreement was made, and the cause of action

accrued, in 2017. Thus, the three-year statute of limitations barred the contract claims in Maloney's 2022 lawsuit. Because this Court affirms based on the statute of limitations, we need not reach the statute of frauds issue. *See Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986) (this Court "will affirm the trial court's decision if it is correct for any reason").

### III. The Superior Court Did Not Err by Not Rescinding the Conveyance of the Property to K&L.

¶14 Maloney argues the superior court erred by dissolving K&L without also rescinding the deed conveying the property to K&L. Maloney's argument is based on her fraud and contract claims. Because the statute of limitations bars both her fraud and contract claims, this Court cannot discern a legal basis for the superior court to rescind the deed as part of its dissolution of K&L. Maloney has not shown the superior court erred.

### IV. The Superior Court Did Not Err by Ordering an Equitable Accounting.

¶15 Maloney challenges the superior court's order of an equitable accounting of rental income that Maloney collected from the property on three bases: 1) no fiduciary relationship existed between Maloney and Demoff, 2) the court had not yet determined liability for the rental income, and 3) the business of K&L is not complicated enough to warrant an accounting. Although an equitable order is generally reviewed for an abuse of discretion, here the court granted summary judgment and this Court reviews the issue *de novo*. *See Henderson v. Henderson*, 241 Ariz. 580, 590 ¶ 31 (App. 2017); *Read,* 169 Ariz. at 356.

¶16 Maloney's first argument fails because *Mollohan v. Christy*, 80 Ariz. 141 (1956), does not stand for the proposition that parties must be in a fiduciary relationship to receive an equitable accounting. Instead, the case requires a relationship "akin to a fiduciary status." Id. at 143. An adequate relationship exists where "the parties to the suit had been intimate friends of many years standing" and the mix of the parties' personal relationship and business ventures resulted in a "mutual and confidential relationship between defendant and plaintiff" until their falling-out. *Id*. at 143-44. Here, the parties were engaged in a joint real estate venture as well as an intimate relationship when they acquired the property, and the subsequent dispute over the property and rental income stems from that intertwined relationship. Other jurisdictions have similarly found that persons involved in joint business ventures have a sufficiently close relationship to warrant an accounting. *See Mendel v. Hewitt*, 585 N.Y.S.2d 832, 834 (App. Div. 1992);

*Lightsey v. Marshall*, 992 P.2d 904, 909 (N.M. App. 1999). Thus, Maloney has not shown that the court erred by ordering an equitable accounting before dissolving K&L and its assets.

**¶17**       Maloney argues that under *Mezey v. Fioramonti*, 204 Ariz. 599 (App. 2003), the order for accounting is premature because the superior court has not determined that Demoff is entitled to any portion of the rental income. Maloney also argues *Mezey* requires reversal because K&L, as a single asset company, is not complicated enough to warrant an accounting. This Court disagrees.

**¶18**       The *Mezey* court, in the context of determining this Court's appellate jurisdiction over an equitable accounting, stated that an accounting ordinarily occurs in two steps: "in the first, the court determines liability (the right to the accounting); in the second, the actual accounting is conducted." *Mezey*, 204 Ariz. at 603 ¶ 13, *overruled in part on other grounds by Bilke v. State*, 206 Ariz. 462 (2003). It also stated that an accounting is usually appropriate when an account is of a "complicated nature." *Id.* (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962)). However, *Mezey* does not hold that these are absolute prerequisites to any equitable order for an accounting. Instead, it generally described the nature of an equitable accounting in support of its jurisdictional holding. *Id.* at 602-06 ¶¶ 8-24.

**¶19**       The *Mollohan* court, in contrast, set forth the basis for an accounting as follows: "If the persons stood in a mutual and confidential relation to each other, and had a joint interest in the result of an adventure, either may demand an accounting, with a view to ascertain the profit or loss and their respective rights." *Mollohan*, 80 Ariz. at 143 (quoting *Reinhard v. Reinhard*, 56 N.Y.S.2d 160, 162 (Sup. Ct. 1945)). Here, Maloney and Demoff stood in a mutual and confidential relation to each other, they had a joint venture in K&L, which both parties agreed to dissolve. Demoff demanded an accounting, which Maloney refused to provide. The superior court did not err in ordering an accounting.

## V.    Attorney Fees.

**¶20**       Maloney requests an award of attorney fees and costs under A.R.S. § 12-341.01. Demoff requests her attorney fees and costs. This Court, in its discretion, denies both requests for attorney fees. Because Demoff is the successful party on appeal, she may recover her taxable costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See* A.R.S. § 12-341.

## CONCLUSION

¶21     This Court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:         JR